CAUSE NO. _____

| | | |
|---|---|---|
| OSCAR CRUZ,<br>Plaintiff, | §<br>§<br>§ | IN THE DISTRICT COURT OF |
| VS. | §<br>§<br>§ | HIDALGO COUNTY, TEXAS |
| ABDIRAHMAN A. WARSAME AND<br>MM TRUCKING, L.L.C.,<br>Defendants. | §<br>§<br>§ | \_\_\_\_ JUDICIAL DISTRICT COURT |

### PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Plaintiff **OSCAR CRUZ** and file this Original Petition complaining of **ABDIRAHMAN A. WARSAME AND MM TRUCKING, L.L.C.**, for causes of action, Plaintiff would show as follows:

#### I.
#### *Discovery Control Plan*

1. Discovery in this action is intended to be conducted under Level 3, in accordance with Rule 190.4 of the TEXAS RULES OF CIVIL PROCEDURE.

#### II.
#### *Parties*

2. Plaintiff **OSCAR CRUZ** is an individual and resident of Hidalgo County, Texas.

3. Defendant **ABDIRAHMAN A. WARSAME** is an individual and resident of Dakota County, Nebraska. He may be served with process at his residence at 1012 E. 17th, Apartment 323, South Sioux, Nebraska 68776 or wherever he may be found.

4. Defendant **MM TRUCKING, L.L.C.** ("MM Trucking") is a Minnesota limited liability company with its principal place of business 1311 ½ E. Lake Street, Suite 4, Minneapolis, Minnesota 55407. MM Trucking is not registered to do business in the State of Texas and does not maintain a registered agent for service of process in Texas. As such, pursuant to Tex. Civ. Prac.

1

& Rem. Code § 17.044(b), the Texas Secretary of State, at 1019 Brazos Street, Austin, Texas 78701, is the agent for service of process on Defendant MM Trucking.

5.  Plaintiff specifically invokes the right to institute this suit against whatever entity was conducting business using the assumed or common name of "MM Trucking, L.L.C." with regard to the events described in this Petition. Plaintiff expressly invokes his right under Rule 28 of the Texas Rules of Civil Procedure to have the true name of this party substituted at a later time upon the motion of any party or of the Court.

### III.
### *Venue*

6.  Venue is proper in Hidalgo County, Texas, in that the incident made the basis of this suit occurred in Hidalgo County, Texas.

### IV.
### *Jurisdiction*

7.  This Court has jurisdiction in this matter because the damages to Plaintiff are within the jurisdictional limits of this Court.

### V.
### *Factual Background*

8.  Plaintiff's cause of action arises from an automobile collision that occurred on or about March 23, 2020, in Hidalgo County, Texas. Plaintiff was traveling eastbound on E. Highway 281. Defendant Warsame was driving a vehicle owned by Defendant MM Trucking and was traveling directly in front of the Plaintiff. Defendant Warsame began backing without safety and struck the Plaintiff's vehicle. The impact caused the Plaintiff serious injuries.

9.  Defendant MM Trucking owned the vehicle Defendant Warsame was driving. Defendant Warsame was employed by Defendant MM Trucking. Defendant MM Trucking permitted Defendant Warsame to drive the vehicle in the course and scope of his employment with them.

## VI.
### *Causes of Action*

A. **Negligence and Negligence Per Se**

10. Plaintiff incorporates the preceding paragraphs of this Petition as if set forth fully below.

11. At the time of the incident, Defendant Warsame was operating the vehicle negligently. Defendant Warsame had a duty to exercise ordinary care and operate the vehicle reasonably and prudently. Defendant Warsame's negligence was the proximate cause of the Plaintiff's injuries. Defendant Warsame breached that duty in one or more of the following ways:

   a. Failing to timely apply the brakes;
   b. Failing to obey traffic signals;
   c. Failing to maintain a proper lookout; and
   d. Driving the vehicle at a rate of speed greater than that at which an ordinary and prudent person would have driven under the same or similar circumstances;
   e. Failing to operate the vehicle with the appropriate regard for the safety of all persons.

12. Each of the foregoing acts and/or omissions proximately caused the Plaintiff's damages. Defendant Warsame's acts also constitute negligence per se, as his actions were a direct and unexcused violation of Texas traffic laws, and the Plaintiff is a member of the class protected by those laws.

13. Defendant MM Trucking employed Defendant Warsame at the time of the incident and Defendant Warsame was, at all relevant times, acting in the course and scope of his employment with Defendant MM Trucking. The acts of negligence committed by Defendant Warsame arose directly out of and were done in prosecution of the business that he was employed to do by Defendant MM Trucking, who is therefore liable under the doctrine of Respondeat Superior for the negligent actions of Defendant Warsame.

3

### B. Negligent Entrustment

14. Defendant MM Trucking entrusted its truck to Defendant Warsame. Defendant MM Trucking knew or should have known that Defendant Warsame was an incompetent or reckless driver. As discussed above, Defendant Warsame's negligence caused the incident in question, and proximately caused the Plaintiff's damages.

### C. Negligent Hiring

15. Defendant MM Trucking owed the Plaintiff a legal duty to use ordinary care in determining whether a prospective employee is competent to be hired. Defendant MM Trucking breached that duty with regard to Defendant Warsame. This breach proximately caused the Plaintiff's damages.

### D. Negligent Supervision

16. Defendant MM Trucking owed the Plaintiff a legal duty to use ordinary care in adequately supervising its employees. Defendant MM Trucking breached that duty with regard to Defendant Warsame. This breach proximately caused the Plaintiff's damages.

### E. Negligent Retention

17. Defendant MM Trucking owed the Plaintiff a legal duty to use ordinary care in retaining its employees. Defendant MM Trucking breached that duty with regard to Defendant Warsame. This breach proximately caused the Plaintiff's damages.

### F. Negligent Training

18. Defendant MM Trucking owed the Plaintiff a legal duty to use ordinary care in adequately training its employees. Defendant MM Trucking breached that duty with regard to Defendant Warsame. This breach proximately caused the Plaintiff's damages.

## VII.
### Damages Demanded from Defendants

19. Plaintiff seeks monetary relief over $1,000,000. TEX. R. CIV. P. 47(c)(5).

20. Plaintiff seeks recovery of the following categories of damages from Defendants: (1) past and future physical pain; (2) past and future mental pain and anguish; (3) past and future medical expenses; (4) past and future lost wages; (5) disfigurement; (6) past and future physical impairment; and (7) property damage.

21. As a further result of Defendants' negligence and/or negligence per se as described above, Plaintiff has incurred expenses for medical care and attention and such expenses are continuing to accrue as of the filing of this petition. All of these expenses are reasonable and customary in the localities in which they were incurred.

22. As a further result of the injuries sustained by Plaintiff, there is a reasonable probability that Plaintiff will require further medical care and attention and will incur future reasonable and necessary expenses for this medical care and attention.

## VIII.
### Preservation of Evidence

23. Plaintiff hereby requests and demands that Defendants preserve and maintain all evidence pertaining to any claim or defense related to the incident made the basis of this lawsuit, or the damages resulting therefrom, including photographs; videotapes; audiotapes; recordings; business or medical records; bills; estimates; invoices; checks; correspondence; memoranda; files; facsimiles; email; voice mail; text messages; investigation; cellular telephone records; calendar entries; and any electronic image, data, or information related to the Plaintiff, the referenced incident, or any damages resulting therefrom. Failure to maintain such items will constitute spoliation of the evidence.

## IX.
### Designated E-Service Email Address

24. The following is the undersigned attorney's designated e-Service email address for all e-service documents and notices, filed and unfiled, pursuant to Tex. R. Civ. P. 21(f)(2) & 21(a): taylor@lapezejohns.com. This is the undersigned's only e-Service email address, and service through any other email address will be considered invalid.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff prays that the Defendants be cited to appear and answer, and that on final trial Plaintiff has:

A. Judgment against Defendants in a sum in excess of the minimum jurisdictional limits of the Court for Plaintiff's damages;
B. Prejudgment interest;
C. Post-judgment interest;
D. Costs of court; and

All such other relief, at law or in equity, to which Plaintiff may show himself to be entitled.

Respectfully submitted,

LAPEZE & JOHNS, P.L.L.C.

Keith W. Lapeze
Texas Bar No. 24010176
Taylor Shipman
Texas Bar No. 24079323
601 Sawyer Street, Suite 650
Houston, Texas 77007
(713) 739-1010 Telephone
(713) 739-1015 Fax
taylor@lapezejohns.com

ATTORNEYS FOR PLAINTIFF

6